# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2019

Lyle W. Cayce
Clerk

THEODORE ZANGUE TONKA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 869 744

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Petitioner Theodore Zangue Tonka, a native and citizen of Cameroon, seeks review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) order of removal and decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Tonka's request for relief was based on his claim that he would be persecuted if he returned to Cameroon because he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60029

been beaten and tortured by members of Cameroon's military for posting on the internet his opinions and information about human rights abuses against southern Cameroonians. The BIA adopted and affirmed the IJ's adverse credibility determination and finding that Tonka failed to provide adequate evidence in corroboration of his application.

We note that even if some of the evidence could be construed in a light more favorable to Tonka, the credibility determination in this case was nevertheless supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, "substantially reasonable." *Kohwarien v. Holder*, 635 F.3d 174, 178 (5th Cir. 2011) (internal quotation marks and citation omitted); *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Tonka has not established that "it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). Thus, we must defer to the BIA's credibility determination. *See id.* at 538-39.

Further, regardless of the plausibility of Tonka's account, substantial evidence supports the BIA's determination that Tonka failed to corroborate his claims with adequate, credible evidence. *See id.* at 537; *see also Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Accordingly, because the record does not compel a conclusion contrary to that reached by the BIA, Tonka's petition for review is DENIED.